UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RAMIRO GOMEZ, JR., | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-19-CV-344-PRM |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## ORDER OF DISMISSAL

On this day, the Court considered Petitioner Ramiro Gomez Jr.'s "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (ECF No. 1) [hereinafter "Petition"], filed on November 25, 2019, in the above-captioned cause. Therein, Petitioner claims that he is a state prisoner in the El Paso County Jail Annex in El Paso, Texas. *Id.* at 1. He explains that he was sentenced on November 12, 2019, to six months' imprisonment after he was found guilty of evading arrest in case number 20190D01077 in the 120th Judicial District Court in El Paso County, Texas. *Id.* He further explains that, at the time of his sentencing, he was on supervised release imposed by the Court in case number EP-14-CR-2108-PRM. *Id.* at 2. Moreover, he believes that he is now the subject of a detainer placed by the Marshals Service. *Id.* He

requests that the Court revoke his supervised release and sentence him in case number EP-14-CR-2108-PRM so that he may serve his federal sentence concurrently with his state sentence. *Id.* at 6. For the reasons stated below, the Court will dismiss the Petition.

I. FILING FEE

"[T]here is no absolute 'right' to proceed in a civil action without paying a filing fee." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997). A prisoner filing a § 2241 petition should pay the Clerk a five dollar filing fee. 28 U.S.C. § 1914(a). In the alternative, a prisoner may proceed in forma pauperis (without paying the filing fee) with a court's approval after submitting an affidavit disclosing all of his assets to show that he is unable to pay the filing fee. 28 U.S.C. 1915(a)(1).

Here, Petitioner has neither paid the filing fee nor submitted a proper motion to proceed in forma pauperis. But even if Petitioner had properly addressed the filing fee, it clearly appears from the face of his Petition that he is not entitled to § 2241 relief. Thus, the Court is of the opinion that in the interest of judicial economy, the Court will summarily dismiss Petitioner's claims rather than order Petitioner to

2

either pay the fee or submit a motion. "Where it is clear that the merits involved are almost certainly insufficient to demand full review . . . no purpose is served by indulging in that waste." *Brown v. Herald Co.*, 464 U.S. 928, 930 (1983). Therefore, the Court will waive the filing fee.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241, a petitioner may attack the manner in which his sentence is executed in the district court with jurisdiction over his custodian. *Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). Even if a court can exercise jurisdiction, "[h]abeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that . . . , if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). To prevail, a habeas corpus petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). After an initial screening of a § 2241 petition, a court must order the respondent to show cause why a petition should not be

3

granted "unless it appears from the [petition] that the [petitioner] or person detained is not entitled thereto." 28 U.S.C. § 2243.

### III. ANALYSIS

Petitioner asks the Court to revoke his supervised release and sentence him in case number EP-14-CR-2108-PRM so that he may serve his federal sentence concurrently with his state sentence in case number 20190D01077. Pet. 6.

As the Court noted above, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States," to obtain § 2241 relief. 28 U.S.C. § 2241(c). The law requires the United States Sentencing Commission to issue "guidelines or general policy statements regarding the appropriate use of . . . revocation of supervised release." 28 U.S.C. § 994(a)(3). Consequently, "[t]he Sentencing Commission promulgated policy statements regarding revocation of supervised release in Chapter 7 of the Guidelines Manual." *United States v. Headrick*, 963 F.2d 777, 781 (5th Cir. 1992). While "district courts must consider the policy statements contained in Chapter 7 of the Guidelines when sentencing a defendant upon revoking his supervised release, . . . these policy statements are

advisory only." *United States v. Headrick*, 963 F.2d 777, 780 (5th Cir. 1992).

The policy statements indicate that "a mandatory condition of probation and supervised release is that the defendant not commit another federal, state, or local crime." U.S. Sentencing Guidelines Manual § 7B1.1 cmt. n.1 (U.S. Sentencing Comm'n 2015). When a defendant violates this condition, revocation is generally the appropriate disposition. *Id.* § 7B1.3(a). The policy statements further suggest that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving . . ." *Id.* § 7B1.3(f). Notably, the policy statements are silent on the timing of the revocation proceedings.

Although a court has the discretion to impose a concurrent sentence in a revocation proceeding, the policy statements in the Guidelines discourage this practice. Hence it would not be a violation of the law for the Court to impose a consecutive sentence—should it revoke Petitioner's supervised release and order his confinement. Further, it would not be a violation of the law for the Court to wait until

5

Petitioner completes his state sentence before addressing a motion to revoke in his federal case—should the United States file such a motion. *See* Report on Offender 2, Dec. 2. 2019, *United States v. Gomez*, EP-14-CR-2108-PRM (W.D. Tex.) ("At this time, it is . . . recommended that no adverse court action be taken against Gomez, Jr. . . . [T]he Evading Arrest Detention with Previous Conviction charge shall be monitored through final disposition at which time an appropriate recommendation will be submitted to the Court.").

Moreover, Petitioner fails to identify any other violation of the Constitution or laws or treaties of the United States that, if condoned, would result in a complete miscarriage of justice. In fact, Petitioner fails to allege any violation of the law.

### IV. CONCLUSION AND ORDERS

A § 2241 petition is simply not the proper tool for Petitioner to obtain the revocation and concurrent sentence he seeks. Accordingly, the Court concludes that it appears from the face of the Petition, Petitioner is not entitled to § 2241 relief.

**IT IS THEREFORE ORDERED** that the Court **WAIVES** the filing fee.

**IT IS FURTHER ORDERED** that Petitioner Ramiro Gomez Jr.'s "Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this 9th day of **December, 2019**.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE